1  DAVID M. MICHAEL
   Law Offices of David M. Michael
2  414 Gough Street, Suite Two
   San Francisco CA 94102
3  Telephone: (415) 621-4500
   Facsimile:  (877) 538-6220
4  dmmp5@aol.com

5  Attorney for Defendant
   LARRY ROGER KRISTICH

6

7                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
8

9  UNITED STATES OF AMERICA,            Case No. CR 07-00691 R

10              Plaintiff,              **DEFENDANT'S MEMORANDUM OF
                                        LAW IN SUPPORT OF MOTION FOR
11        v.                            PRETRIAL RELEASE ON BAIL**

12 LARRY ROGER KRISTICH, et al.,        Date:  14 August 2007
                                        Time:  9:00 a.m.
13              Defendant.              Dept:   Courtroom 341, 3d Floor
   _____/          Judge: Hon. Stephen J. Hillman
14

15                              <u>I</u>

16                      **<u>INTRODUCTION</u>**

17        Larry Roger Kristich is before this Court charged by Indictment  with Conspiracy to

18 Possess With Intent to Distribute and to Distribute Marijuana and THC, Maintaining Drug-

19 Involved Premise, Money Laundering, Aiding and Abetting and Criminal Forfeiture.  These

20 charges are all related to Mr. Kristich's alleged possession and distribution of medical cannabis to

21 sick and dying patients via medical cannabis dispensaries established under California law for such

22 purposes.  After learning of the indictment, Mr. Kristich voluntarily surrendered himself to agents

23 of the United States Immigration and Customs Enforcement and the DEA on August 4, 2007.

24 Following his initial appearance with counsel on 6  August 2007, this matter was set for a bail

25 hearing on 14 August 2007.

26

27

28 DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON BAIL
   Case No. CR 07-00691                                                        1

                              ORIGINAL

## II.

## ARGUMENT

### A.    The Bail Reform Act

Federal law has consistently provided that a defendant in a non-capital case shall be granted bail. *United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985), citing, Stack v. Boyle, 342 U.S. 1, 4 (1951)*.  It is only the rare case that release should be denied. *Id., citing, Sellers v. United States, 89 S.Ct. 36, 38 (1968)*.  Any doubt regarding the propriety of release must be resolved in favor of the defendant. *Id., citing, Herzog v. United States, 75 S.Ct. 348, 351 (1955)*.

Pursuant to the Bail Reform Act, section 3142(g) sets forth factors for the judicial officer to consider in determining whether to release the defendant.  These factors must be considered whenever release is sought.  The factors are:

(1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against a person; The Ninth Circuit has said that, of the four factors, the weight of the evidence against the person is least important. *United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Winsor, 785 F.2d 755. 757 (9th Cir. 1986)*.

(3) the history and characteristics of the person, including-

(A) the persons's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, or parole, or on other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991);*

DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON BAIL
Case No. CR 07-00691

2

1 | *United States v. Winsor, 785 F.2d 755. 757 (9th Cir. 1986); United States v. Motamedi, 767 F.2d*
2 | *1403, 1408 (9th Cir. 1985).*

3 | **B.     The Rebuttable Presumption**

4 | When a person is charged with a drug offense that is punishable by a sentence of ten years
5 | or more, a rebuttable presumption arises that no combination of release conditions will reasonably
6 | assure the appearance of the person or the safety of the community.  Title 18 U.S.C. section
7 | 3142(e).  However, the presumption merely shifts the burden of production, not persuasion which
8 | remains with the government, to the defendant to come forward with some rebutting evidence and
9 | this burden is small.  *United States v. Chen, 820 F. Supp. 1205, 1207 (9th Cir. 1992), citing,*
10 | *United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).*

11 | The defendant must only produce some credible evidence forming a basis for his
12 | contention that he will appear and not pose a threat to the community.  *Id.* (citations and
13 | quotations omitted); *United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).*  Moreover,
14 | a defendant wishing to rebut the government's allegations in the context of a detention
15 | determination "may present evidence through hearsay or by proffer."  *United States v. Parker,*
16 | *848 F.2d 61, 63 (5th Cir. 1988); see also,* Title 18 U.S.C. section 3142(f).  Even when the
17 | presumption applies, "the government retains the burden of proving that no conditions will
18 | reasonably assure the defendant's appearance."  *United States v. O'Brien, 895 F.2d 810, 815 (1st*
19 | *Cir. 1990).*  Thus, once the defendant produces some credible evidence required by the Bail
20 | Reform Act, the burden shifts to the government to persuade the Court by clear and convincing
21 | evidence that the defendant is a danger to the community or by a clear preponderance of the
22 | evidence that the defendant is likely to flee.  *See Motamedi, 767 F.2d at 1405-1407.*

23 | **C.     The Four Factors as Applied To Mr. Kristich**

24 | When considering the first factor – the nature and circumstances of the offense charged,
25 | including whether it is a crime of violence or involves a narcotic drug – the substance involved,
26 | medical cannabis, is not a dangerous drug.  In fact, it  is lawful in numerous states, including

27 |

28 | DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON BAIL
   | Case No. CR 07-00691

1  California, for the relief of pain and suffering in ill and dying patients.[1]  This is exactly what Mr.

2  Kristich is being prosecuted for – providing medical cannabis to sick and dying patients for the

3  relief of their pain and suffering.

4       Furthermore, despite it presently being unlawful under federal law, that was not always so.

5  On December 16, 2003 the Ninth Circuit held in *Raich v.Ashcroft, 352 F.3d 1222. 1235 (9th Cir.*

6  *2003)*, that. as applied to medical cannabis in accordance with California law, the Controlled

7  Substances Act, 21 U.S.C. § 801 *et seq.* ("CSA"), is an unconstitutional exercise of Congress'

8  Commerce Clause powers.  As a consequence, such conduct could not be construed as a violation

9  of federal law and any federal court lacked jurisdictional power to enforce any such claim of

10  violation of federal law.  Although this decision was later overturned on June 6, 2005 in *Gonzales*

11  *v. Raich, 125 S.Ct. 2195, 2226 (2005)*, medical cannabis was, prior to that time, considered

12  lawful under federal law.  Such a decision, along with the fact that medical cannabis is lawful in

13  numerous states, reflects the "lack of danger" associated with its possession and use.

14       Therefore, consideration of the first factor heavily weighs in favor of bail being granted to

15  Mr. Kristich.

16       When considering the second factor – the weight of the evidence against the person – as

17  noted previously, the Ninth Circuit considers this the least important of the four factors. *United*

---

18

19     [1]  A total of 27 States recognize the medical benefits of cannabis in some form.  In addition to the

20  States whose laws authorize medical use in practice, five States recognize the medical benefits of cannabis but defer to the federal regime by authorizing use only by "prescription," Ariz. Rev. Stat. § 13-3412.01;

21  La. Rev. Stat. Ann. § 40:1201; N.H. Rev. Stat. Ann. § 318-B:10(VI); Va. Code Ann. § 18.2-251.1, or by classifying cannabis as having "currently accepted medical uses," Iowa Code §§ 124.205, 124.206(7)(a).

22  Two other States have passed resolutions urging the federal government to allow the medical use of cannabis.  Mo. Sen. Con. Res. 14 (1994); N.M. Senate Memorial 42 (1982), *available at*

23  http://www.sumeria.net/nmcu/memorial.html.  Seven more States have enacted laws recognizing cannabis's potential medical benefits for persons suffering from various conditions.  *See* Ala. Code §20-2-111; Ga.

24  Code Ann. §§ 43-34-120; 720 Ill. Comp. Stat. 550/11; Mass. Gen. Law ch. 94D, §§ 1-3; N.Y. Pub. Health Law §§ 3328(4) 3397-a to 3397-f; Minn. Stat. § 152.21; S.C. Code Ann. §§ 44-53-620.  Courts in

25  two additional States have allowed cannabis patients to raise a necessity defense to charges of marijuana possession.  *Sowell v. State*, 738 So.2d 333, 334 (Fla. Dist. Ct. App. 1998); *State v. Hastings*, 801 P.2d

26  563, 565 (Idaho 1990).  Finally, Maryland recently limited the penalty for possessing cannabis for medical purposes to a $100 fine.  Md. Code Crim. Law § 5-601(c)(3).

27

28  DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON BAIL
    Case No. CR 07-00691                                             4

1   *States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991)*.  Due to the recent filing of the Indictment in

2   this matter, defense counsel has not reviewed the government's evidence and is unable to

3   determine the weight of said evidence. But, it is worth noting that, in conjunction with the fact

4   that medical cannabis possession, use and distribution is lawful in numerous states and, for a

5   time, was lawful in this Ninth Circuit, it would be fair to give even less significance to this

6   factor.

7          When considering the third  factor –  the history and characteristics of the person – Mr.

8   Kristich is a 64-year-old man with a serious diabetic condition requiring a daily regimen of

9   multiple medications, including Lipitor, Lantus (which is an injected insulin medication),Glisulin,

10  VastarelMR, and EfexorXP.  Without a doubt, he would be far more able to treat these medical

11  conditions if he was released on bail.  In addition, his age and medical condition weigh in favor

12  of granting bail..

13         Mr. Kristich's  parents are deceased and he does not have any siblings or family.   He

14  has resided primarily in the Bay Area and Southern California for many years. He has no history

15  of substance abuse or mental health problems. His criminal history consists of gambling

16  convictions, the last conviction occurring 27 years ago, on January 20, 1980.  He has two

17  probation violations from 30 years ago in 1977 that occurred 10 weeks apart and are likely

18  related.  Finally, Mr. Kristich was not on probation, parole or release at the time of his

19  surrender. [2]

20         When considering the fourth factor – the nature and seriousness of the danger to any

21  person or the community that would be posed by the defendant's release – Mr. Kristich has

22  never been involved in any violent or dangerous behavior.  Furthermore, it would be a twist of

23  ironic reasoning to think that Mr. Kristich, who actually provided, even according to the

24

25  ─────────────────────────────

       [2] As of the writing of this motion, counsel has not had the opportunity to communicate with Mr.
26  Kristich regarding his criminal history.  Therefore, at the time of the hearing on this motion, counsel will
    present a more detailed report to this Court regarding the facts and circumstances surrounding the PreTrial
27  listing of incidents.

28  DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON BAIL
    Case No. CR 07-00691                                                                                    5

government's theory of the case,  what most people in this country believe to be a medicinal substance to sick and dying people, that THIS community, within the Central District of California, would ever consider him to be a danger if released.  To the contrary, many would consider his actions compassionate and an asset to the community.

### D.    <u>Reasonable Assurances of Mr. Kristich's Appearances</u>

As the courts have stated in regard to reasonably assuring the appearance of the defendant, he must only produce **some credible evidence** forming a basis for his contention that he will appear.  *United States v. Chen, supra, 820 F. Supp. at 1207.*  Furthermore, even when the presumption applies, as here, the government still retains the burden of proving that "no conditions will reasonably assure the defendant's appearance." *United States v. O'Brien, supra, 895 F.2d at 815.*

It is hard to imagine, under the circumstances of Mr. Kristich's voluntary surrender and initial appearance before this Court, that he would, in any way, fail to continue to appear before the Court.  At the time of the recent Indictment in this matter, Mr. Kristich was abroad.  Upon learning of the Indictment, Mr. Kristich, on his own volition, decided to return to the United States and appear before this Court.  On his own volition, he contacted the undersigned counsel, and requested that the government be advised of his return and that law enforcement agents meet him upon his arrival in the United States.

In compliance with Mr. Kristich's request, the undersigned counsel contacted numerous parties, including AUSA Shannon Ryan, and made all the necessary arrangements for the return of Mr. Kristich and his appearance before this Court.  As evidenced by the attached letter and fax confirmation report (<u>Exhibit A</u>), on 4 August 2007, the undersigned advised Kevin McAleenan, Los Angeles Port Director for the United States Immigration & Customs Service, the Immigration & Customs Enforcement Duty Officer in Los Angeles, and the LAX Station of the Drug Enforcement Administration, between 3:38 p.m. and 3:41 p.m .that Mr. Kristich would be voluntarily arriving at LAX on LACSA Airlines flight No. 670, at 11:040 p.m. that same day.  The letter further informs all those parties that Mr. Kristich wished to surrender to the appropriate law enforcement agency

DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON BAIL
Case No. CR 07-00691

6

1    in order to appear before this Court in this case.

2    In addition, the undersigned counsel had numerous conversations with the appropriate agencies

3    and their officers in order to facilitate this orderly surrender.  It was these thoughtful arrangements and

4    considerations by the various law enforcement agencies that allowed for Mr. Kristich to, in fact,

5    surrender  without any adverse incidents and for Mr. Kristich to also receive his daily medications during

6    this transition. [3]

7    **E.    Under the Circumstances of This Case, Reasonable Bail Should Be Set for Mr. Kristich**

8    If Mr. Kristich has voluntarily returned to the United States and made the necessary

9    arrangements to be present to defend himself in this matter, and has also voluntarily surrendered his

10    passport, it is unimaginable that Mr. Kristich could be seen as a flight risk under the rules governing bail

11    in this circuit.  Otherwise, Mr. Kristich would have never returned to the United States in the first place.

12    Certainly the facts and circumstances of his return go way beyond the 'some credible evidence" required

13    of Mr. Kristich to show that he is not a flight risk.  Here, such evidence is overwhelmingly in his favor.

14    Therefore, it is clear that, because of his voluntary surrender, Mr. Kristich does not represent a flight risk

15    It is also clear, considering that Mr. Kristich is being charged with distributing lawful

16    medicine to sick and dying citizens of California under California law and, arguably, at a time

17    when such conduct was also lawful under federal law, that Mr, Kristich does not represent a

18    danger to this community.  It is hard to imagine how the distribution of medicine under

19    California law can be characterized as dangerous to the community  under any circumstances.

20    Although Pretrial Services is correct that Mr. Kristich, at this time, does not have a

21    clearly established residence in the district and does not have family ties to the community, since

22    both of his parents are deceased, these factors should not hinder this court in setting a

23    reasonable bail subject to the conditions that Mr. Kristich provide pretrial services with an

24

_____

25    [3] It should be noteworthy to this Court that the government falsely represented to PreTrial Services

26    that Mr. Kristich was "arrested upon attempting to enter the United States due to an alert posted with

27    ICE".  The sinister implications of such a representation is obvious to even a layperson and represents a blatant attempt to bias this Court against defendant .

28    DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON BAIL
Case No. CR 07-00691

7

established residence in the district, and that he produce a member of the community who is acceptable to the Court as a surety for said bail.  In addition, Mr. Kristich is willing to accept electronic monitoring as an additional  condition of pretrial release.

### III

### CONCLUSION

Therefore, under the above circumstances, it is hereby requested that this Court set bail for Mr. Kristich at $100,000, with said bail being satisfied by an affidavit of surety and impose whatever other reasonable conditions it feels are necessary to insure Mr. Kristich's appearance before this Court.

Dated: 13 August 2007

Respectfully submitted,

_____
DAVID M. MICHAEL
Attorney for Defendant
LARRY KRISTICH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 13 August 2007, a copy of the foregoing was served by fax transmission upon the following:

AUSA Shannon Ryan. CSB #177807
Office of the U.S. Attorney
1400 U.S. Courthouse
312 N. Spring Street
Los Angeles, CA   90012
Telephone (213) 894-4586
Facsimile:  (213) 894-0142
shannon.ryan@usdoj.gov

_____
DAVID M. MICHAEL

DEFENDANT'S MOTION FOR PRETRIAL RELEASE ON BAIL
Case No. CR 07-00691

9

**Exhibit A**

# LAW OFFICES OF DAVID M. MICHAEL

**414 Gough Street, Suite 2**
**San Francisco, CA 94102**
Telephone: (415) 621-4500 and (510) 559-8590
E-Fax: (877) 538-6220
E-Mail: dmmp5@aol.com

4 August 2007

Kevin McAleenan, Port Director                    Via Fax: (310) 215-2013
United States Immigration & Customs Service
Office of Investigations
Los Angeles International Airport

Re:     *United States v. Larry Roger Kristich, James Carberry, and James Lawrence Ealy*
        U.S. District Court Case No. CR 07-00691(Central Dist. Cal)

Dear Mr. McAleenan:

This letter is to advise you of my representation of Larry Roger Kristich and his desire to voluntarily surrender as a defendant in the above case.  It is my understanding that there is an existing outstanding federal warrant of arrest for Mr. Kristich.  The primary investigative agency in this matter is the Drug Enforcement Administration.

Below is the relevant information to allow the surrender by Mr. Kristich to federal officers upon his arrival into the United States.

Name:          Larry Roger Kristich
DOB:           12 January 1943
Passport No:   158245418
US entry:      LACSA Airlines  Flight No. 670, 4 August 2007, LAX at 11:40 p.m.

Please also be advised that Mr. Kristich is presently suffering from a number of illnesses, including diabetes, for which he has been prescribed medication, which he MUST take daily..  He will have those medications in his possession upon his arrival at customs.  They include Lipitor, Lantus (which is an injected insulin medication), Glisulin, VastarelMR, and EfexorXP.  If those medications are taken from him, please make arrangements for him to be seen by a physician immediately after he is in custody.

I would also appreciate a courtesy call to advise me when Mr. Kristich has been taken into custody, so that I can arrange his appearance before a Los Angeles magistrate judge on Monday, 6 August 2007.

If you have any questions or concerns regarding the above, please call me at the above numbers or on my mobile phone at (510) 388-2970.

Sincerely,

DAVID M. MICHAEL
DMM:bb

cc:    Immigration & Customs Enforcement          Fax: (310) 215=2404
       Duty Officer

       Drug Enforcement Administration            Fax: (310) 215-2239
       LAX Station

**HP OfficeJet G Series G85xi**
**Personal Printer/Fax/Copier/Scanner**

**Fax-History Report** for

Aug 04 2007 3:42pm

## Last 30 Faxes

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| Jul 7 | 5:18pm | Sent | ████████ | 1:53 | 6 | OK |
| Jul 8 | 8:37am | Received | | 0:29 | 1 | OK |
| Jul 11 | 12:50am | Received | | 0:33 | 0 | No fax |
| Jul 11 | 1:25am | Received | | 0:50 | 1 | OK |
| Jul 12 | 8:22am | Sent | ████████ | 0:34 | 1 | OK |
| Jul 12 | 9:39am | Received | | 0:26 | 1 | OK |
| Jul 12 | 1:05pm | Received | ████████ | 0:33 | 1 | OK |
| Jul 15 | 6:46am | Received | | 0:28 | 1 | OK |
| Jul 16 | 5:57pm | Received | | 0:33 | 0 | No fax |
| Jul 17 | 8:37am | Received | | 0:26 | 1 | OK |
| Jul 17 | 8:19pm | Sent | ████████ | 0:19 | 1 | OK |
| Jul 18 | 5:59am | Received | | 0:31 | 1 | OK |
| Jul 20 | 12:59pm | Received | | 0:26 | 1 | OK |
| Jul 22 | 5:54pm | Received | | 0:32 | 0 | No fax |
| Jul 24 | 1:48pm | Received | | 0:32 | 0 | No fax |
| Jul 24 | 4:53pm | Received | | 0:30 | 1 | OK |
| Jul 25 | 10:48am | Received | | 0:33 | 0 | No fax |
| Jul 25 | 3:34pm | Received | | 0:33 | 0 | No fax |
| Jul 26 | 12:11pm | Received | | 0:31 | 1 | OK |
| Jul 31 | 1:13pm | Received | | 0:31 | 1 | OK |
| Jul 31 | 6:12pm | Received | | 0:52 | 1 | OK |
| Aug 1 | 6:40pm | Received | | 0:29 | 1 | OK |
| Aug 2 | 8:39am | Sent | ████████ | 0:11 | 0 | Jammed |
| Aug 2 | 8:40am | Sent | | 0:35 | 2 | OK |
| Aug 2 | 5:24pm | Received | | 0:53 | 1 | OK |
| Aug 3 | 8:43am | Received | | 0:39 | 1 | OK |
| Aug 3 | 4:40pm | Received | | 0:31 | 1 | OK |
| Aug 4 | 3:38pm | Sent | 13102152013 | 0:28 | 1 | OK |
| Aug 4 | 3:39pm | Sent | 13102152404 | 0:49 | 1 | OK |
| Aug 4 | 3:41pm | Sent | 13102152239 | 0:39 | 1 | OK |

Result:
  OK - black and white fax
  Okay color - color fax